United States District Court
Southern District of Texas
**ENTERED**
December 08, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE COMPANY, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-2716 |
| | § | |
| MARINE TECH SERVICES, ET AL., | § | |
| *Defendants.* | § | |

## MEMORANDUM, ORDER, AND RECOMMENDATION

This breach of contract action is before the Court on Defendants' Motion to Dismiss Pursuant to Rules 12(b)(3), 12(b)(5), and 12(b)(7) of the Federal Rules of Civil Procedure.[1] ECF 15. Having considered the parties' submissions and the law, the Court recommends that the Motion be DENIED.

### I.  Background

This case arises out of the repair of a State Highway 35 bridge near Port Lavaca, Texas. Defendant Marine Tech Services (MTS) was a subcontractor on the bridge project and SCR Civil Construction was the general contractor. Plaintiff FCCI Insurance Company (FCCI) is the Surety and Defendants are Indemnitors under a General Indemnity Agreement with regard to performance and payment bonds issued by FCCI in connection with the bridge project. FCCI alleges that claims totaling $1,100,0000 have been made on the bonds.

FCCI initially sued Defendants in state court in Harris County, Texas in March 2017 to recover its losses on the bonds. SCR filed a lawsuit against MTS in state court in Fort Bend County, Texas, in which MTS has asserted counterclaims for fraud and misrepresentation. FCCI voluntarily non-suited its state court case on July 28, 2020 and filed this action in federal court on August 4, 2020 on the basis of diversity jurisdiction. Defendants move to dismiss this case for

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 17.

improper venue, for insufficient service of process, and for failure to join an indispensable party.

**II.     Analysis**

    **A.  Rule 12(b)(3)**

Federal Rule of Civil Procedure 12(b)(3) is the procedural vehicle for a defendant to challenge venue in federal court.  *Williamson-Dickie Mfg. Co. v. M/V HEINRICH J*, 762 F. Supp. 2d 1023, 1026 (S.D. Tex. 2011).  Once challenged by the defendant, the plaintiff bears to burden to show facts that, taken as true, establish proper venue.  *Id.*  Proper venue for a civil case in federal court is " (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  "A case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3)."  *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55–56 (2013).

The citizenship of an LLC is determined by the citizenship of all its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  For venue purposes "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Plaintiff represents that MTS is a Limited Liability Company whose sole member is Defendant Jerrod Monaghan, an individual who resides in Houston, Texas.  The third Defendant, Bethany Schmidt, is also a resident of Texas.  The address for MTS, LLC reflected on the General Indemnity Agreement Contract Bonds attached to the Complaint is the same Houston, Texas

address as Monaghan's and Schmidt's.  *See* ECF 8 at ¶¶2-4; ECF 8-1; ECF 20 at 4.  In addition, Defendants executed the indemnity agreement in Houston, Texas and concede that the bridge project for which the performance bond was issued is located in the Southern District of Texas. ECF 8-1; ECF 15 at 1.  The Court finds Plaintiff has presented facts that show that venue is proper under 28 U.S.C. §1391(b)(1) and (b)(2).  Defendants have not contested these facts.[2]  Defendants only argument is that this case should have been brought in the same state court lawsuit in which SCR's action against them in pending.  Defendants have not presented a valid objection to federal court venue.  The motion to dismiss under Rule 12(b)(3) should be denied.

### B. Rule 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) permits a named defendant to challenge proper service of the summons and complaint.  The court is without personal jurisdiction over a defendant unless that defendant has been served in accordance with Federal Rule of Civil Procedure 4.  *Hicks v. Dallas Cty. Community Colleges*, Civil Action No. 3:17-CV-809, 2018 WL 2271174 * 3 (N.D. Tex. April 25, 2018).  If a defendant raises a Rule 12(b)(5) challenge, it is the plaintiff's burden to prove proper service. *Id.*; *Kruger v. Hartsfield*, Civil Action No. 3:17-CV-01220, 2018 WL 2090743 *2 (N.D. Tex. April 13, 2018).

On October 19, 2020, the District Court issued an Order allowing substituted service on Defendants by (a) regular first class mail to the residence of Monaghan at 7306 Muirfield Valley Dr., Houston, Texas 77095 or (b) leaving copies with anyone over the age of sixteen at the same address, or securely attaching copies to the front door of the residence at the same address.  ECF 13.  Defendants contend they have not been served in accordance with Rule 4 or the Order for Substituted Service.

Plaintiff filed the process server's Affidavit of Service attesting that service was completed on October 21, 2020 by firmly posting the documents on the front door at 7306 Muirfield Valley

---

[2] Plaintiffs do not challenge the existence of diversity jurisdiction.  *See* ECF 15.

Dr., Houston, Texas 77095.  ECF 14.  Defendants have submitted the Affidavit of Jerrod Monaghan stating that "Service of the summons or a copy of Plaintiff's complaint has not occurred by posting on the front door of my residence at 7306 Muirfield Valley Dr., Houston, Texas 77095."  ECF 22.  The Court need not make a credibility determination regarding this potential fact dispute at this time.  Even if service is not currently perfected, the remedy under these circumstances at this stage of the proceedings is not dismissal, but an extension of time for Plaintiff to perfect service.  *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court…must dismiss the action…***or*** order that the service be made within a specified time….") (emphasis added); *Bowman v. Sanofi-Aventis U.S.*, No. A-09-CA-192-SS, 2009 WL 5083431, at *2 (W.D. Tex. Apr. 16, 2009) (dismissal is not appropriate unless "there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant.").  The Order for Substituted Service authorized Plaintiff to serve Defendants by regular, first class mail to 7306 Muirfield Valley, Dr. Houston, Texas 77095.  ECF 13.  It is

**ORDERED** that within 5 days of entry of this Order Plaintiff shall place copies of the Summons, First Amended Complaint, Order for Substituted Service, and this Order in regular, first class mail addressed to all Defendants at 7306 Muirfield Valley, Dr. Houston, Texas 77095.  Upon certification to the Court that it has done so, service will be deemed perfected.  Therefore, the motion to dismiss under Rule 12(b)(5) should be denied.

### C. Rule 12(b)(7)

Finally, Defendants move to dismiss this case under Federal Rule 12(b)(7) for failure to join an indispensable party, namely SCR.  The Court's exercise of discretion in deciding a motion under Rule 12(b)(7) requires an analysis of Federal Rule of Civil Procedure 19 governing joinder:

> The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit. If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation. Factors to consider under Rule 19(b) include '(1) prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping

>of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and (4) whether the plaintiff has another effective forum if the suit is dismissed.'

*HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003) (citations omitted). In addition, dismissal for failure to join an indispensable party is only appropriate where the Court's subject matter jurisdiction would be destroyed by the addition of the party. *August v. Boyd Gaming Corp.*, 135 F. App'x 731, 732 (5th Cir. 2005) ("A prerequisite to a proper dismissal for failure to join an indispensable party is that the absent party, if added, would divest the court of subject-matter jurisdiction.").

FCCI is a surety seeking compensation pursuant to an indemnity agreement between FCCI and Defendants. *See* ECF 8. SCR is not a party to the indemnity agreement. *See* ECF 8-1. As a general rule, all parties to a contract are indispensable for a breach of contract action, but the same is not true for non-parties. *See Durstcrew, LLC v. Tech21 UK Ltd.*, No. A-17-CV-1055-LY, 2018 WL 4343447, at *5 (W.D. Tex. July 2, 2018), report and recommendation adopted, No. A-17-CV-001055-LY, 2018 WL 4343432 (W.D. Tex. July 31, 2018) (denying Rule 12(b)(7) motion because defendant failed to prove the allegedly indispensable party was a party to the alleged contract or a joint-obligee to the alleged promise); *see also Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 881 (5th Cir. 1987) (finding that regardless of whether the allegedly indispensable party was a joint tortfeasor, agent, or contributor to the award, it was not an indispensable party to the case).

Rule 19 requires joinder of an indispensable party as a plaintiff, defendant, or involuntary plaintiff. Plaintiff represents that SCR is a citizen of Texas, as are all Defendants, and thus joinder of SCR as a Defendant would not destroy complete diversity. ECF 20 at 7 n.2; ECF 21 at 2; *See August*, 135 F. App'x at 732 (considering whether joinder of citizen of Louisiana as a defendant would destroy diversity in a case brought by Louisiana citizen plaintiffs against Nevada citizen defendant). Therefore, the motion to dismiss under Rule 12(b)(7) should be denied.

**III.     Conclusion and Recommendation**

For the reasons stated above, the Court RECOMMENDS that Defendants' Motion to Dismiss (ECF 15) be DENIED in its entirety.  The Court further ORDERS Plaintiff to serve Defendants by regular, first class mail as directed above.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on December 08, 2020, at Houston, Texas.

*[signature]*
Christina A. Bryan
United States Magistrate Judge
