United States District Court
Southern District of Texas
**ENTERED**
June 10, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE COMPANY, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-2716 |
| | § | |
| MARINE TECH SERVICES, ET AL., | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION AND ORDER TO SHOW CAUSE

This breach of contract action is before the Court[1] on Defendants' Motion to Join SCR Construction Co., Inc., its Successor in Interest, SCR Civil Construction, LLC as a Party to this Action Under Rule 19(A) of the Civil Rules of Civil Procedure.   ECF 29.[2]   The Court recommends that Defendants' Motion for Joinder be DENIED.   The Court further ORDERS Defendant to Show Cause why its Third-Party Compliant against SCR should not be dismissed.

### I.      Background

This case arises out of the repair of a State Highway 35 bridge near Port Lavaca, Texas. Defendant Marine Tech Services (MTS) was a subcontractor on the bridge project and SCR Civil Construction was the general contractor.   Plaintiff FCCI Insurance Company (FCCI) is the Surety and the Defendants are Indemnitors under a February 5, 2016 General Indemnity Agreement (GIA) executed in connection with the bridge project.   Pursuant to the GIA and at the request of one or more of the Defendant Indemnitors, FCCI issued Performance and Payment Bonds #440567

---

[1]  The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 17.

[2]  Plaintiff's Motion for Summary Judgment (ECF 31) and Plaintiff's Motion to Dismiss Defendants' Amended Answer and Counterclaim (ECF 34) are also pending before the Court.   These motions will be addressed in a separate Memorandum and Recommendation.

(Bonds).   FCCI alleges that multiple claimants have made claims on the Bonds, and as of the date of filing its Motion for Summary Judgment it has suffered losses on the Bonds of approximately $1,150,0000.

In March 2017, FCCI filed suit against Defendants (MTS and the individuals) in state court (Harris County) seeking to recover its losses on the Bonds.   SCR filed a lawsuit in state court (Fort Bend County) against MTS and MTS asserted counterclaims for fraud and misrepresentation in that suit.   FCCI voluntarily non-suited the Harris County state court case on July 28, 2020 and filed this action in federal court on August 4, 2020 on the basis of diversity jurisdiction.   This Court denied Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) for FCCI's failure to join SCR as a necessary party in this suit.   ECF 25.   Defendants now seek to join SCR as a necessary party pursuant to Federal Rule of Civil Procedure 19.   Defendants have also filed a Third-Party Complaint asserting claims for fraud and breach of contract against SCR. ECF 30.

## II.    Defendants' Motion for Joinder of SCR

Defendants' previously filed a Motion to Dismiss based on FCCI's failure to join an indispensable party.   ECF 15.   The Court denied the motion.   ECF 25, 28.   Defendants have now filed a Motion to Join SCR Construction Co, Inc., its Successor in Interest, SCR Civil Construction, LLC as a Party to this Action Under Rule 19(A) of the Federal Rules of Civil Procedure.[3]   ECF 29.   The Motion to Join should be denied for the same reason as the Motion to Dismiss:   SCR is not a necessary or indispensable party to this action.

Federal Rule of Civil Procedure 19 requires joinder, if feasible, of "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter

---

[3]  Plaintiff has not responded to Defendants' motion and apparently takes no position on joinder of SCR.

jurisdiction" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1).   The party seeking joinder bears the burden of proving that the absent party is necessary.   *Harrison Co., LLC v. A-Z Wholesalers, Inc.*, No. 3:19-CV-1057-B, 2020 WL 918749, at *3 (N.D. Tex. Feb. 26, 2020).

FCCI, a surety, seeks to recover from Defendants pursuant to an indemnity agreement between FCCI and Defendants.   *See* ECF 8.   SCR is not a party to the indemnity agreement.   *See* ECF 8-1.   As a general rule, all parties to a contract are indispensable for a breach of contract action, but the same is not true for non-parties.   *See Durstcrew, LLC v. Tech21 UK Ltd.*, No. A-17-CV-1055-LY, 2018 WL 4343447, at *5 (W.D. Tex. July 2, 2018), report and recommendation adopted, No. A-17-CV-001055-LY, 2018 WL 4343432 (W.D. Tex. July 31, 2018) (denying Rule 12(b)(7) motion because defendant failed to prove the party alleged to be indispensable party was a joint obligee or party to alleged contract);   *see also Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 881 (5th Cir. 1987) (finding that regardless of its status as a joint tortfeasor, agent, or contributor to the award, party was not indispensable.)

Defendants make the conclusory assertion that

> SCR is a required party and in SCR's absence, the Court cannot accord complete relief among existing parties.   SCR's actions or inactions, led to the circumstances that have caused the purported injury to Plaintiff claimed in this case.

ECF 29 at 4.   However, SCR's actions or inactions are not the issue in this case.   The fact that

Defendants' may be entitled to assert claims against SCR (and vice versa) does not affect the

Court's ability to afford complete relief on the claims between the Defendants and FCCI pursuant

to the GIA.   The necessary party inquiry is case-specific and focuses not on whether the potential

for further litigation exists between a current party and an absent party, but whether complete relief

can be afforded among the existing parties. *Harrison Co., LLC*, 2020 WL 918749, at *3.

Defendants have not cited a single case to support the argument that a non-party to a contractual

indemnity agreement is a necessary party to the surety's suit against the indemnitors.   As this

Court has previously ruled, SCR is not a necessary or indispensable party in this case.   *See* ECF

25.   The Court recommends that Defendants' Motion to Join SCR under Rule 19 be DENIED.

### III.    Order to Show Cause as to Third-Party Complaint Against SCR

Federal Rule of Civil Procedure 14(a) permits a defendant, as third-party plaintiff, to

serve a summons and complaint on a nonparty who is or may be liable to it for all
or part of the claim against it.   But the third-party plaintiff must, by motion, obtain
the court's leave if it files the third-party complaint more than 14 days after serving
its original answer.

Defendants filed a Third-Party Complaint against SCR asserting claims for fraud and breach of

contract on the same day they filed their Motion for Joinder Under Rule 19(a).   ECF 30.

Defendants have not filed a motion for leave to file a third-party complaint.   To date, Defendants

have not caused a summons to issue for service on SCR.   The Court hereby

ORDERS Defendants to SHOW CAUSE within 14 days of entry of this Memorandum and

Recommendation why the Court should grant leave to file a Third-Party Complaint against SCR.

Defendants further must show cause why the *Colorado River* abstention doctrine does not require

this Court to abstain from consideration of Defendants' claims against SCR due to the state court

lawsuit between SCR and MTS currently pending in Fort Bend County, Texas.

4

The Clerk of the Court shall send copies of this Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections to the Court's recommendation, pursuant to 28 U.S.C. § 636(b)(1)(c).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

 Signed on June 10, 2021, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge