IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FCCI Insurance Company, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-2716 |
| | § | |
| Marine Tech Services, Et Al., | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

This breach of contract action is before the Court on Defendants Marine Tech Services, Jerrod Monaghan, and Bethany Schmidt's Cross-Motion to Dismiss for Lack of Diversity Jurisdiction.[1] ECF 44. The Court recommends that the motion be denied.

Plaintiff FCCI Insurance Company, a surety, filed this case against Defendants, its indemnitors, in August 2020. Defendants have filed a motion to dismiss, an answer, motions for joinder, a counterclaim, a response to Plaintiff's motion for summary judgment, and a motion for leave to file a third-party complaint. Prior to filing the Cross-Motion to Dismiss for lack of Diversity Jurisdiction, Defendants did not contest diversity jurisdiction. Nonetheless, subject matter jurisdiction cannot be waived and this Court has a duty to ensure jurisdiction exists whenever the issue arises. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("It is true that subject-matter jurisdiction cannot be created by waiver or consent. It is equally true that federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties.").

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 17.

It is black letter law that diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship between all Plaintiffs and all Defendants. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). At the inception of this case, District Judge Sim Lake ordered Plaintiff to replead because the initial Complaint stated only that Marine Tech is a limited liability company organized under the laws of Florida with its principal place of business in Florida. ECF 6. The Court found plaintiff's jurisdictional allegations insufficient because the citizenship of a limited liability company is determined by the citizenship of all of its members. *Id.* (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)). Plaintiff filed an Amended Complaint alleging that FCCI is a citizen of Florida, Defendants Monaghan and Schmidt are citizens of Texas, and Defendant Marine Tech Services—a Limited Liability Company (LLC) whose sole member and manager is Monaghan—is a citizen of Texas. ECF 8.

Defendants now move to dismiss this case based on the contention that Plaintiff FCCI and Marine Tech are both citizens of Florida. Defendants argue that *Harvey,* a case cited by Judge Lake in the Order to Amend, "only stands for the proposition that that the residency of all members of a limited liability company are counted for complete diversity purposes due to Louisiana law; not that the LLC's actual state of formation is not also counted." ECF 44. Plaintiff cites no authority for its position that the citizenship of an LLC is determined by the state of formation. Plaintiff's position misconstrues *Harvey*, which holds that the citizenship of an LLC "*is determined by*" the citizenship of its members and does *not* state that it is also determined by the place of formation. The Fifth Circuit has repeatedly cited *Harvey* and has held that to establish diversity a plaintiff must expressly allege the citizenship of every member of an LLC. *See, e.g.*, *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("to establish diversity jurisdiction, a party 'must specifically allege the citizenship of every member of every

2

LLC.' *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)."). Courts in the Fifth Circuit recognize that the citizenship test for LLCs is not the same as the citizenship test for corporations. *See Aetna Health Mgmt., LLC v. Benchmark Health Network, LLC*, No. 3:20-CV-00443-X, 2020 WL 980250, at *3 (N.D. Tex. Feb. 28, 2020) ("Aetna improperly defines its citizenship as its state of formation and the location of its principal place of business—the standard for corporations, not LLCs."); *Million v. Exxon Mobil Corp./ExxonMobil Chem. Co.*, No. CV 17-60-SDD-RLB, 2017 WL 11015877, at *2 (M.D. La. June 6, 2017) ("The citizenship of a limited liability company is determined by the citizenship of each of its members, not the state under whose laws it is organized or its authorization to do business in a certain state."); *Lee v. FAEC Holdings (LA), LLC*, No. 3:13-CV-00418-BAJ-RL, 2014 WL 3540881, at *4 (M.D. La. July 17, 2014) ("the state of formation and the principal place of business of a limited liability company are irrelevant for purposes of determining citizenship."); *Allement v. Ameristep Corp.*, No. CV 13-498-JJB-RLB, 2013 WL 12183655, at *1 n.6 (M.D. La. Dec. 30, 2013) ("As an LLC, the state of formation and principal place of business are irrelevant for purposes of citizenship. The citizenship of a limited liability company for diversity purposes is determined by the citizenship of its members.").

For these reasons, the Court RECOMMENDS that Defendants' Cross-Motion to Dismiss for Lack of Diversity Jurisdiction be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by

statute on other grounds.

    Signed in Houston, Texas on the 6th day of July, 2021.

_____
Christina A. Bryan
United States Magistrate Judge

4